JOURNAL ENTRY and OPINION
Appellant Doris Buck appeals the judgment of the Garfield Heights Municipal Court in favor of Appellee Karl Mireiter d/b/a Mireiter Lawncare Company on her small claims action. Appellant assigns the following error for our review:
 THE LOWER COURT ERRED BY IGNORING THE BYLAWS, AND SUPPORTING DOCUMENTS THAT GOVERN THE DISPUTE AND THE CONDOMINIUM PROPERTY WHERE THE VIOLATION OCCURRED.
The Court notes that appellee did not file a brief in response to appellant's assignment of error. Having reviewed the record, the statement of proceedings filed pursuant to App.R. 9(C), and appellant's brief, we reverse the decision of the trial court based on the manifest weight of the evidence, and enter judgment for the appellee in the amount of $105.05, plus interest at a rate of 10 per cent. The apposite facts follow.
Appellant owns a condominium unit at the Pine Crest Estates. The Pine Crest Condominium Association permits individual unit owners to plant flowers in common areas with the understanding that, once planted, the individual owners are responsible for weeding and autumn cleanup. The Association also employs appellee Mireiter Lawncare Company to provide landscaping maintenance services for the common areas of the condominium property.
On June 23, 1998, one of appellee's employees removed some flowers that appellant planted in the flower bed near her unit. Appellant complained and requested that appellee compensate her for the loss of the plants. Unable to agree on the amount of compensation, appellant filed a complaint in small claims court alleging that appellee destroyed personal garden property in violation of condominium bylaws and requesting $105.05 in damages.
The matter went to trial before a magistrate on September 28, 1998. At trial, the parties agreed that the flowers belonged to appellant, and appellee admitted removing the appellant's flowers without appellant's permission. On September 30, 1998, the magistrate, without explanation, issued a decision in favor of appellee.
Appellant filed objections to the magistrate's decision. On November 2, 1998, the court overruled appellant's objections and entered judgment upholding the magistrate's decision. This appeal followed.
In her sole assigned error, appellant argues that the trial court's decision is against the manifest weight of the evidence because the greater amount of the competent, credible evidence weighs in her favor. We agree.
The trial court ruled in favor of appellee on appellant's claim that appellee by and through its employees had damaged her property. Our standard of review regarding a trial court's factual finding is deferred to the trial court on matters of fact. See C.F. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,280, 376 N.E.2d 578, 579; Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273, 1276. Although we are required to give deference, we are duty-bound to review the entire record to determine whether the trial court's factual conclusions are supported by competent, credible evidence.
In reviewing the record here, we concluded that the greater weight of the evidence supported appellant's position that appellee damaged her property. Consequently, we disagree with the trial court's resolution of the conflicting testimony. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, reconsideration denied (1997), 79 Ohio St.3d 1451,680 N.E.2d 1018-1024, citing Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 2220, and State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
In fact, the evidence is uncontroverted that the Condominium Association permitted its unit owners to plant flowers in the flower beds near their units. All of the parties agreed that appellant planted the flowers in question. Moreover, appellee admitted that his workman removed appellant's flowers without her permission. Consequently, the manifest weight of the evidence rests in appellant's favor. Accordingly, we reverse the trial court and enter judgment for appellant for $105.05, plus interest. See App.R. 12(C).
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is, ordered, that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ PATRICIA ANN BLACKMON JUDGE
 TERRENCE O'DONNELL, P.J., and ANNE L. KILBANE, J., CONCUR.